■ In the Matter of Arthur C. Ford et al., Constituting the Board of Water Supply of the City of New York, Appellant-Respondent, Relative to Acquiring Title to Real Property in the County of Delaware. Francis C. Greenman, Respondent-Appellant.— *Per Curiam.* Appeal and cross appeal from an order of the Supreme Court, Broome County, confirming a report of the Commissioners of Appraisal awarding claimant $16,800, plus $562 in witness fees, pursuant to title K of chapter 51 of the Administrative Code of the City of New York, for loss of income in his profession as a veterinarian as a result of the city's appropriation of land in Delaware County for construction of the Cannonsville Reservoir. Claimant urges that the award is too low and should be increased and the City that it is too high and should be reduced. In our opinion the commission improperly computed the award and it must be reduced. The commission found that the average net annual income from claimant's practice prior to the taking was $6,000 and that it "decreased in value to the extent of forty percent of the said sum of  *  *  *  ($6,000.00) or the sum of  *  *  *  ($2,400.00)". Further finding that it would take the claimant seven years to build up this type of practice, it awarded claimant $16,800. Since comparable sales were concededly not available, a capitalization approach, among others, was clearly appropriate. But there is absolutely no support in the record, other than claimant's own estimate, for the Commissioners' 40% figure, and, it is quite clear instead that only 15.09% of claimant's business came from the reservoir area. And we agree with the commission that the only loss established by the claimant was that from the area of the taking. However,

while empowered to do so (*Matter of Ford* [*First Nat. Bank of Downsville — Board of Water Supply of City of N. Y.*], 22 N Y 2d 834) we do not feel constrained on the instant record to disturb the judgment of both the commission and Special Term as to the method or other factors utilized to determine the loss. Accordingly, using the $6,000 net taxable income found by the commission, the correct 15.09 percentage and the multiple of 7, the award properly should have been $6,337.80. In addition claimant urges that the fees for his expert witness should be increased, but again we see no basis to disturb the discretion and experience of the commission and Special Term on this issue. Order modified, on the law and the facts, so as to reduce the award to $6,337.80, and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam*.